[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT H. N. S. MANAGEMENT COMPANY. INC.'S MOTION TO SET ASIDE VERDICT
The defendant H. N. S. Management Company, Inc., d/b/a Connecticut Transit ("defendant") moves to set aside the verdict on the grounds that there is insufficient proof that the defendant owned the bus in question. Although not set forth in the motion, the defendant also claims in its memorandum of law that it is moving to set aside the verdict based upon the court's instruction on the "sudden emergency" doctrine, and because the verdict was excessive.
The defendant took no exception to the court's charge on the sudden emergency doctrine, rendering that ground for the motion without merit.[1] As to the claim that the verdict is excessive, the award does not so shock the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption. Birgel v. Heintz,163 Conn. 23, 27, 28, 301 A.2d 249. (1972).
The defendant claims that there is insufficient evidence to prove that it owned the bus in question. The defendant denies this allegation of the plaintiff's complaint, and although there was evidence that a bus with a color or markings of "Connecticut Transit" may have been in the area at the time, and involved in the accident, there was no evidence as to who owned that bus. It was incumbent upon the plaintiff to establish by some credible evidence that the bus which allegedly contributed to the cause of the accident was in fact owned by the defendant H. N. S. Management. There was no evidence by which the jury could make that inference. Without such evidence, the plaintiff could not prove that the "John Doe" operator was an agent of the defendant under the provisions of C.G.S. § 52-183.
For this reason the court must set aside the verdict in favor of the plaintiff against the defendant H. N. S. Management Company, Inc.
So Ordered.
D'ANDREA, J. CT Page 14609